**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-1133**

GATIEN EBOTSI,

        Petitioner,

    v.

WILLIAM P. BARR, Attorney General,

        Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: July 31, 2020                    Decided: August 21, 2020

Before FLOYD, HARRIS, and QUATTLEBAUM, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Jay S. Marks, THE LAW OFFICES OF JAY S. MARKS, LLC, Silver Spring, Maryland, for Petitioner. Joseph H. Hunt, Assistant Attorney General, Anthony P. Nicastro, Assistant Director, Sherease Pratt, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gatien Ebotsi, a native and citizen of Gabon, petitions for review of an order of the Board of Immigration Appeals dismissing Ebotsi's appeal from the Immigration Judge's denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We deny the petition for review.

We have the reviewed the arguments pressed on appeal[1] in conjunction with the administrative record, including the transcript of Ebotsi's merits hearing and the supporting evidence, and the relevant legal authorities. Despite Ebotsi's arguments to the contrary, we conclude that the record evidence does not compel a ruling contrary to any of the administrative factual findings, *see* 8 U.S.C. § 1252(b)(4)(B) (2018)—including the adverse credibility finding[2]—and that substantial evidence supports the denial of all forms of relief in this case, *see INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992). Specifically, upon review, the Board confirmed the material inconsistencies between Ebotsi's initial asylum application and supporting statement, the independent evidence proffered to establish both the prior harm Ebotsi sustained and his purported political affiliation, and Ebotsi's testimony at the merits hearing. The Board ruled that, based on the totality of the

---

[1] We find no merit in Ebotsi's claim that his case was required to be heard before a three-judge panel of the Board. *See* 8 C.F.R. § 1003.1(e)(6) (2020) (providing that an appeal "*may only* be assigned for review by a three-member panel if the case" satisfies any of the seven stated circumstances (emphasis added)).

[2] We review credibility determinations for substantial evidence, affording broad—though not unlimited—deference to the agency's credibility findings. *Ilunga v. Holder*, 777 F.3d 199, 206 (4th Cir. 2015); *Camara v. Ashcroft*, 378 F.3d 361, 367 (4th Cir. 2004).

circumstances, there was no clear error in the Immigration Judge's adverse credibility finding, *see* 8 U.S.C. § 1158(b)(1)(B)(iii) (2018), and our review confirms that substantial evidence supports this determination, *see Ilunga*, 777 F.3d at 207 (explaining that "omissions, inconsistent statements, contradictory evidence, and inherently improbable testimony are appropriate bases for making an adverse credibility determination" (internal quotation marks omitted)).

Accordingly, we deny the petition for review for the reasons stated by the Board. *In re Ebotsi* (B.I.A. Jan. 8, 2020). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*